UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ORIENTAL BANK & TRUST<br><br>**Plaintiff**<br><br>Vs.<br><br>M/V "FABIOLA" her engines, tackle, furniture, apparel, appurtenance, tools, pumps, radar, electronic accessories, etc. in rem; JOSÉ M. ROVIRA MARTINÓ, MARÍA EUGENIA BELLIDO, and the conjugal partnership comprised between them, in personam<br><br>**Defendants** | CIVIL NO.<br><br><br>IN ADMIRALTY<br>IN REM and IN PERSONAM |

## VERIFIED COMPLAINT FOR AN ACTION IN REM AND IN PERSONAM

COMES NOW Plaintiff, Oriental Bank & Trust through the undersigned attorneys and respectfully states, alleges and prays as follows:

### I. JURISDICTION AND VENUE

1. This is an action within the Court's Admiralty and Maritime jurisdiction for the foreclosure of a Preferred Ship Mortgage pursuant to 46 U.S.C. §31325 and the enforcement of a maritime lien pursuant to 46 U.S.C. §31342.

2. The jurisdiction of this Court arises under and by virtue of the Admiralty and Maritime jurisdiction of the District Courts of the United States and this is an Admiralty Claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff also invokes this Court's supplemental jurisdiction under 28 U.S.C. §1367.

3. Eurobank is the original Mortgagee of the vessel loan that is the subject of this case.

4. On April 30, 2010, the Commissioner of Financial Institutions of Puerto Rico ordered the closure of Eurobank and designated, on that same day, the Federal Deposit Insurance Corporation as the trustee of Eurobank's assets. On that same day, Oriental Bank & Trust acquired some of those assets, including the vessel loan that is the subject of this case. Therefore, Oriental Bank & Trust is the creditor of all of Eurobank's rights under this loan.

5. The plaintiff, Oriental Bank & Trust, (at times referred to as the "Mortgagee") is a bank organized under the laws of the Commonwealth of Puerto Rico, is the successor in interest to The Bank & Trust of Puerto Rico and the Mortgagee under a Preferred Ship Mortgage secured by the M/V "FABIOLA" and by its owners, JOSÉ M. ROVIRA MARTINÓ,

MARÍA EUGENIA BELLIDO, and the conjugal partnership comprised between them. The **in personam** defendants (hereafter referred to as "Owners/Debtors") are residents of the Commonwealth of Puerto Rico.

6. JOSÉ M. ROVIRA MARTINÓ, MARÍA EUGENIA BELLIDO, and the conjugal partnership comprised between them are the owners of the **in rem** defendant M/V "FABIOLA", which is a 34' Sea Ray yacht, Official No. 1089452, Hull Identification No. SERT5978H900, and the mortgagors under the Preferred Ship Mortgage entered into with Mortgagee and guaranteed by the M/V "FABIOLA."

7. Venue lies within the District of Puerto Rico. At all times hereinafter mentioned, the in rem defendant, the vessel M/V "FABIOLA," is a vessel documented under the laws of the United States of America and titled under the laws of the Commonwealth of Puerto Rico, and is at the present within, or during the pendency of this action will be within the federal district in which this action commenced.

## II. FIRST CAUSE OF ACTION:
### COLLECTION OF PROMISSORY NOTE AND EXECUTION OF MORTGAGE

8. On September 14, 2001, Owners/Debtors, as maker, executed a Promissory Note, copy of which is attached hereto as Exhibit A, the terms and conditions of which are made a

part hereof as though fully set forth herein. In order to secure the payment of the principal of the Note with interest and other amounts, and according to the true tenor and effect of said Note, Owners/Debtors, as maker, duly executed and delivered to plaintiff and/or its predecessor in interest, as Mortgagee, a First Preferred Ship Mortgage Securing a Promissory Note ("Preferred Ship Mortgage") dated September 14, 2001, a copy of which is attached hereto as Exhibit B, the terms and conditions of which are made a part hereof as though fully set forth herein.

9. By the terms and conditions of the Note and the Preferred Ship Mortgage, Owners/Debtors, as maker, admitted that they were justly indebted to the Mortgagee in the principal sum of $156,550.00 together with accrued interest at a rate of 8.50% per annum, and other amounts, and granted, bargained, sold, conveyed, transferred, assigned, remised, released, mortgaged, set over and confirmed unto the Mortgagee, his successors and assigns, the whole of the M/V "FABIOLA," together with her engines, machinery, bowsprits, boats, anchors, cables, rigging, tackle, apparel, furniture, tools, pumps, radar, electronic accessories, and all other appurtenances thereunto appertaining and belonging, and any and all

additions, improvements and replacements thereafter made in or to the vessel or any part or appurtenance or equipment thereof, and promised to pay Mortgagee all obligations that came due under the Preferred Ship Mortgage and under the Note, as required by Exhibits A and B.

10. The Preferred Ship Mortgage was duly filed for record in the National Vessel Documentation Center, and was duly recorded in the office of the Documentation Officer in Book 02-94 page 185, at 11:55 a.m., February 1, 2002; in accordance with the Ship Mortgage Act, 46 U.S.C. §30101 et. seq. Upon information and belief all of the acts and things required to be done by said Act in order to give said mortgage the status of a preferred mortgage were duly done or caused to be done by plaintiff and/or its predecessor in interest or the documentation officer, including the endorsement of said mortgage upon the outstanding documents of said vessel. Copy of the Abstract of Title is attached as Exhibit C.

11. Owners/Debtors have failed to make the interest and principal payment on the Preferred Ship Mortgage when due and continue in default under the terms of the Note and first Preferred Ship Mortgage.

12. As of December 14th, 2010 there is an unpaid principal sum of $122,660.69 together with interests in the amount of $12,363.90 and $1,223.10 in charges thereon at the rate of 8.50% per annum plus interests and charges until judgment, plus the interest post-judgment until full payment, plus costs, expenses and attorneys fees at 10% of principal due under the mortgage.

13. Pursuant to the provisions of the Note and Preferred Ship Mortgage; the plaintiff, as successor in interest to the Mortgagee under the Preferred Ship Mortgage, has declared the principal balance, and the Note herein referred to, to be immediately due and payable.

### III. PRAYER

WHEREFORE, it is respectfully requested:

i. That a warrant for the arrest of the M/V "FABIOLA," her engines, tackle, rigging, etc. be issued and that all persons claiming any interest therein be cited to appear and answer the matters aforesaid, and that the M/V "FABIOLA," her engines, tackle, rigging, etc. may be condemned and sold to pay the demands and claims aforesaid in the amount of $136,247.69 due, as of December 14, 2010, for principal and interest, plus the interest and late charges that will accrue until

final payment is made, together with costs, expenses and 10% of principal for attorneys fees.

ii.  That if default of the payment of the sums be found due and payable to plaintiff under the Note and Preferred Ship Mortgage, within the time to be limited by a decree of this Honorable Court, together with a sum sufficient to pay the costs and attorneys fees of this suit, it be decreed that any and all persons, firms and corporations claiming any interest in the M/V "FABIOLA" are forever barred and foreclosed of and from all right or equity or redemption or claim of, in or to be the mortgage M/V "FABIOLA," her engines, tackle, rigging, etc., and every part thereof.

iii. That this Court direct the manner in which actual notice of the commencement of this suit shall be given to the master, other ranking officer or caretaker of the M/V "FABIOLA" as provided in 46 U.S.C. §31325.

iv.  That judgment be issued against defendant, M/V "FABIOLA" **in rem** and the Owners/Debtors, **in personam**, to pay any and all amounts required to be paid by the Mortgagor to the Mortgagee under the Note and Preferred Ship Mortgage and for the docking charges, interests, costs, and actual attorneys fees as aforesaid, together with until paid and for, and, in

the event of condemnation and sale hereunder, that said **in personam** Defendants be required to pay to plaintiff any deficiency sums and for such other and further relief as justice may require.

v.   That the Court grant any other appropriate relief.


**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 14th day of December, 2010.

                    DELGADO & FERNANDEZ LLP
                    PO Box 11750
                    Fernández Juncos Station
                    San Juan, PR 00910-1750
                    Tel. (787)274-1414
                    Fax: (787)764-8241


                    S/ELIAS CORREA MENENDEZ
                    USDC-PR #224613
                    ecorrea@delgadofernandez.com


*STATEMENT UNDER PENALTY OF PERJURY IN NEXT PAGE*

## DECLARATION OF CARLOS ROLDAN GUZMAN UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. 1746

I, Carlos Roldán Guzamán, of legal age, married and resident of Dorado and in my capacity as Senior Real Estate and Inspector for Oriental Bank & Trust state under penalty of perjury under the laws of the United States of America that I have read the Complaint and the allegations contained therein are true and correct. That such belief is based upon my personal knowledge and the documentation in my control and possession.

In San Juan, Puerto Rico this 14th day of December, 2010.

_____

Carlos Roldán Guzamán